J-S15025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PAUL PARHAM, | |
| Appellant | No. 1737 EDA 2015 |

Appeal from the PCRA Order of May 11, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0306161-1997

BEFORE: BENDER, P.J.E., OLSON and PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED FEBRUARY 12, 2016**

Appellant, Paul Parham, appeals *pro se* from the order entered on May 11, 2015, which dismissed his third petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In 1999, a jury found Appellant guilty of aggravated assault and possession of an instrument of crime and, on May 18, 2000, the trial court sentenced Appellant to serve an aggregate term of nine to 18 years in prison.[1] On November 21, 2000, Appellant's direct appeal to this Court was dismissed for failure to file a brief. Superior Court Order, 11/21/00, at 1.

In 2001, Appellant filed a PCRA petition seeking the reinstatement of his direct appellate rights and, on September 17, 2001, the PCRA court

---

[1] 18 Pa.C.S.A. § 2702 and 907, respectively.

*Retired Senior Judge assigned to the Superior Court

entered an order granting Appellant relief. The PCRA court's order reinstated Appellant's direct appellate rights *nunc pro tunc*, directed the appointment of new counsel, and declared that Appellant's notice of appeal shall be filed "within [30] days after said appointment." PCRA Court Order, 9/17/01, at 1. New counsel was appointed on September 27, 2001; however, Appellant did not file a notice of appeal to this Court.

On February 26, 2006, Appellant filed his first PCRA petition. **See Commonwealth v. Turner**, 73 A.3d 1283, 1286 (Pa. Super. 2013) ("when a PCRA petitioner's direct appeal rights are reinstated *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition will be considered a first PCRA petition for timeliness purposes"). The PCRA court dismissed Appellant's petition on October 9, 2007; Appellant did not file a notice of appeal to this Court.

Appellant filed his second PCRA petition on October 25, 2007. This petition was dismissed on April 14, 2008, we affirmed the dismissal on February 9, 2009, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on September 28, 2009. **Commonwealth v. Parham**, 972 A.2d 559 (Pa. Super. 2009) (unpublished memorandum) at 1-6, *appeal denied*, 908 A.2d 607 (Pa. 2009).

On December 27, 2010, Appellant filed a *pro se* "Petition for Writ of *Habeas Corpus Ad Subjiciendum*," where Appellant claimed that he was entitled to relief because: 1) his first PCRA counsel provided him with ineffective assistance, and 2) the initial PCRA court erred when it failed to

grant him an evidentiary hearing on his claims. Appellant's "Petition for Writ of *Habeas Corpus Ad Subjiciendum*," 12/27/10, at 8 and 11. Both of these claims are cognizable under the PCRA; hence, Appellant's "Petition for Writ of *Habeas Corpus Ad Subjiciendum*" constitutes Appellant's third PCRA petition. **See** 42 Pa.C.S.A. § 9542 (the PCRA "is the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies . . . including *habeas corpus* and *coram nobis*"); **Commonwealth v. West**, 938 A.2d 1034, 1043 (Pa. 2007) ("[t]he PCRA subsumes all forms of collateral relief, including *habeas corpus*, to the extent a remedy is available under such enactment").

Appellant amended his third PCRA petition two times: first on May 9, 2014 and then again on June 23, 2014. Appellant's May 9, 2014 filing was entitled "Petition for *Habeas Corpus* Relief Pursuant to Article I, Section 14 of the Pennsylvania Constitution" (hereinafter "Appellant's Petition for *Habeas Corpus* Relief"). Within this filing, Appellant claimed that his sentence was illegal because "no sentencing order exist[s] for the sentence imposed." Appellant's Petition for *Habeas Corpus* Relief, 5/9/14, at 6. Further, Appellant claimed that the PCRA's one-year time-bar did not apply to his claim, as he was raising an illegal sentencing claim. **Id.** at 3.

Appellant then filed his second amendment to his third PCRA petition on June 23, 2014. This filing was titled "Petition for Post[-]Conviction Relief and *Habeas Corpus* Relief" (hereinafter "Appellant's Second Amended Third PCRA Petition"). Appellant's Second Amended Third PCRA Petition raised

one claim: that his sentence is illegal because he was sentenced to a mandatory minimum term of incarceration under 42 Pa.C.S.A. § 9712 and, in **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151 (2013), the United States Supreme Court effectively rendered Section 9712 unconstitutional. **See** Appellant's Second Amended Third PCRA Petition, 6/23/14, at 1-9.

On March 26, 2015, the PCRA court provided Appellant with notice that it intended to dismiss his third PCRA petition in 20 days, without holding a hearing. PCRA Court Order, 3/26/15, at 1; **see also** Pa.R.Crim.P. 907(1). The PCRA court finally dismissed Appellant's third PCRA petition on May 11, 2015 and Appellant filed a timely notice of appeal to this Court. We now affirm the dismissal of Appellant's untimely, serial PCRA petition.[2]

We "review an order granting or denying PCRA relief to determine whether the PCRA court's decision is supported by evidence of record and whether its decision is free from legal error." **Commonwealth v. Liebel**, 825 A.2d 630, 632 (Pa. 2003).

The PCRA "provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S.A. § 9542. As the statute declares, the PCRA "is the sole means of obtaining collateral relief and encompasses all other

_____

[2] We note that the Commonwealth did not file a brief in this appeal.

common law and statutory remedies . . . including *habeas corpus* and *coram nobis*." **Id.**; **see also Commonwealth v. Ahlborn**, 699 A.2d 718, 721 (Pa. 1997). Thus, under the plain terms of the PCRA, "if the underlying substantive claim is one that could potentially be remedied under the PCRA, that claim is **exclusive to** the PCRA." **Commonwealth v. Pagan**, 864 A.2d 1231, 1233 (Pa. Super. 2004) (emphasis in original).

Appellant raised the following claims in third PCRA petition: 1) his first PCRA counsel provided him with ineffective assistance; 2) the initial PCRA court erred when it failed to grant him an evidentiary hearing on the claims he raised in his first PCRA petition; 3) his sentence is illegal because "no sentencing order exist[s] for the sentence imposed;" and, 4) his sentence is illegal because he was sentenced under a now-unconstitutional mandatory minimum sentencing statute. Appellant's "Petition for Writ of *Habeas Corpus Ad Subjiciendum*," 12/27/10, at 8 and 11; Appellant's Petition for *Habeas Corpus* Relief, 5/9/14, at 6; Appellant's Second Amended Third PCRA Petition, 6/23/14, at 1-9.

The PCRA encompasses all of Appellant's claims for relief. **See** 42 Pa.C.S.A. § 9543(a)(2)(ii) (ineffective assistance of counsel claims are cognizable under the PCRA); 42 Pa.C.S.A. § 9543(a)(2)(vii) (illegal sentencing claims are cognizable under the PCRA); 42 Pa.C.S.A. § 9544(b) (Appellant's claim that the PCRA court erred during his first PCRA proceeding is waived because Appellant could have raised the claim "in a prior state post[-]conviction proceeding").

Appellant's claims thus fall under the rubric of the PCRA and, since the PCRA encompasses all of Appellant's claims, Appellant "can only find relief under the PCRA's strictures." **Pagan**, 864 A.2d at 1233; **see also Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa. Super. 2011) ("[petitioner's legality of sentence] claim is cognizable under the PCRA . . . . [Thus, petitioner's] 'motion to correct illegal sentence' is a PCRA petition and cannot be considered under any other common law remedy").

The PCRA contains a jurisdictional time-bar, which is subject to limited statutory exceptions. This time-bar demands that "any PCRA petition, including a second or subsequent petition, [] be filed within one year of the date that the petitioner's judgment of sentence becomes final, unless [the] petitioner pleads [and] proves that one of the [three] exceptions to the timeliness requirement . . . is applicable." **Commonwealth v. McKeever**, 947 A.2d 782, 785 (Pa. Super. 2008); 42 Pa.C.S.A. § 9545(b). Further, since the time-bar implicates the subject matter jurisdiction of our courts, we are required to first determine the timeliness of a petition before we consider the underlying claims. **Commonwealth v. Yarris**, 731 A.2d 581, 586 (Pa. 1999). Our Supreme Court explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. **See**, **e.g.**, **Commonwealth v. Murray**, 753 A.2d 201, 203 (Pa. 2000) (stating that "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach

the merits of the claims raised in a PCRA petition that is filed in an untimely manner"); **Commonwealth v. Fahy**, 737 A.2d 214, 220 (Pa. 1999) (holding that where a petitioner fails to satisfy the PCRA time requirements, this Court has no jurisdiction to entertain the petition). [The Pennsylvania Supreme Court has] also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e court would] consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

**Commonwealth v. Whitney**, 817 A.2d 473, 475-476 (Pa. 2003).

Appellant's judgment of sentence became final in 2001, when his time for filing a notice of appeal to this Court expired. As Appellant did not file his current petition until December 27, 2010, the current petition is manifestly untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. *See* 42 Pa.C.S.A. § 9545(b)(1); **Commonwealth v. Perrin**, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

Here, Appellant purports to invoke the "newly recognized constitutional right" exception to the time-bar. This statutory exception provides:

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

. . .

- 7 -

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

. . .

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).

As our Supreme Court explained:

Subsection (iii) of Section 9545(b)(1) has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

***Commonwealth v. Copenhefer***, 941 A.2d 646, 649-650 (Pa. 2007),

*quoting* ***Commonwealth v. Abdul-Salaam***, 812 A.2d 497, 501 (Pa. 2002)

(internal corrections omitted). Moreover, since the plain statutory language

of section 9545 demands that the PCRA petition "allege" all elements of the

statutory exception, it is clear that – to properly invoke the "newly

recognized constitutional right" exception – the petitioner must plead each of the above-stated elements in the petition. 42 Pa.C.S.A. § 9545(b)(1).

Within Appellant's third PCRA petition, Appellant claimed that his sentence is illegal because he was sentenced to a mandatory minimum term of incarceration under 42 Pa.C.S.A. § 9712 and, in **Alleyne**, the United States Supreme Court effectively rendered Section 9712 unconstitutional.

This claim immediately fails, as Appellant did not raise his **Alleyne** claim "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). Rather, the first time Appellant raised his **Alleyne** claim was in his June 23, 2014 Second Amended Third PCRA Petition – which was over one-year after the United States Supreme Court decided **Alleyne**.[3] **See** Appellant's Second Amended Third PCRA Petition, 6/23/14, at 1-9. Thus, Appellant failed to properly plead the newly-recognized constitutional right exception to the PCRA's one-year time-bar. **See Commonwealth v. Boyd**, 923 A.2d 513, 517 (Pa. Super. 2007) ("[w]ith regard to [the newly-]recognized constitutional right [exception], . . . the [60-]day period begins to run upon the date of the underlying judicial decision").

Further, we note that, even if Appellant had satisfied the 60-day requirement, Appellant's petition would still be untimely, as we have held that the rule of law announced in **Alleyne** does not apply retroactively to

_____

[3] The United States Supreme Court decided **Alleyne** on June 17, 2013.

cases on collateral review. *Commonwealth v. Riggle*, 119 A.3d 1058 (Pa. Super. 2015) ("the *Alleyne* ruling does not prohibit punishment for a class of offenders nor does it decriminalize conduct. Rather, *Alleyne* procedurally mandates the inclusion of facts in an indictment or information, which will increase a mandatory minimum sentence, and a determination by a factfinder of those facts beyond a reasonable doubt. *Alleyne*, therefore, is not substantive. Nor does *Alleyne* constitute a watershed procedural rule. . . . Hence, the fundamental fairness of the trial or sentencing is not seriously undermined, and *Alleyne* is not entitled to retroactive effect in this PCRA setting").

Since Appellant did not attempt to plead any other exception to the time-bar, we conclude that Appellant's petition is time-barred and that our "courts are without jurisdiction to offer [Appellant] any form of relief."[4] *Commonwealth v. Jackson*, 30 A.3d 516, 523 (Pa. Super. 2011). Therefore, we affirm the PCRA court's order dismissing Appellant's third PCRA petition without a hearing.

Order affirmed.

---

[4] To the extent Appellant claims that his illegal sentencing claim is non-waivable, we note that, in *Commonwealth v. Fahy*, our Supreme Court held: "[a]lthough legality of sentence is always subject to review within the PCRA, **claims must still first satisfy the PCRA's time limits or one of the exceptions thereto**." *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) (emphasis added).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/12/2016